CASE 3—ACTION FOR MANDAMUS—SEPT. 20.

# Louisville School Board v. McChesney, Supt. of Public Instruction.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

SCHOOLS AND SCHOOL DISTRICTS—ERRONEOUS ESTIMATE OF REVENUE—RIGHTS OF UNDERPAID DISTRICTS.

Held:   1. Under Kentucky Statutes, section 4375, providing that "whatever difference may exist between the estimated and the

actual revenue of the school fund for any school year shall be taken into the account of the estimate and apportionment for the succeeding school year," where a majority of' the districts have been overpaid because of an erroneous estimate of the revenue of the school fund for the year, such districts must be postponed in the apportionment of the revenue of the next year until the underpaid districts are made equal to them.

2. The statute, as thus construed, does not violate Constitution section 186, providing that "each county in the Commonwealth shall be entitled to its proportion of the school fund on its census of pupil children for each school year and if the *pro rata* share of any school district be not called for after the second school year, it shall be covered into the treasury and be placed to the credit of the school fund for general apportionment the following school year."

JUDGE PAYNTER DISSENTING.

RANDOLPH H. BLAIN, FOR APPELLANT.

(No brief in record.)

ROBERT J. BRECKINRIDGE, ATTORNEY GENERAL, FOR APPELLEE.

1. The question in this case is, shall section 186 of the Kentucky Constitution be obeyed by the Superintendent of Public Instruction, or shall he be permitted under the guise of a misconstruction of a statute to have the power to set at naught the Constitution, and so manage the proceeds of the school fund, as to destroy the efficiency of the school system?

2. The fair and only construction of the Constitution is, that in the event the superintendent finds he has made too low an estimate one year, and by reason thereof a surplus is accumulated, such surplus shall not pass and become a part of the permanent school fund, but shall be taken into the "estimate" for the following year and be distributed.

OPINION OF THE COURT BY JUDGE DURELLE—REVERSING.

In the year 1898, under the provision of section 4375. Kentucky Statutes, the superintendent of public instruction appears to have estimated the per capita of the revenue for school purposes for that year at $2.30 for each pupil child. A large surplus, amounting to over $265,000, was carried over from 1898 to 1899, and, presumably by

reason of the existence of this surplus, and of an unfounded expectation of a large sum from the tax on national bank franchises, the estimate for 1899 was fixed at $2.70 for each pupil child.   This estimate was largely in excess of the sum actually realized, the deficit amounting to some $133,000.   The money realized was all paid out, the majority of the school districts receiving the full amount of the erroneous estimate of $2.70 per pupil, while the appellant, the city of Louisville and a number of other cities, received only sixty per cent. of that per capita.   In January, 1900, the appellant, the Louisville school board, as required by law (section 2954, Kentucky Statutes,) estimated the amounts applicable to educational purposes in the city, and apportioned the same, including in its estimate and apportionment some $62,000, being the amount of its estimated pro rata of the general school fund which had not been paid, but which it was informed by the superintendent of public instruction would be paid it.   The appellant is by law forbidden to incur liability in one year to be paid out of the revenue of the next, and its schools must be suspended for a part of the term if the amount of the estimate can not be made available.    Accordingly, when appellant received information in August that the remainder of its estimated pro rata would not be paid, it instituted this proceeding for a mandamus against appellee directing him to take into the account of the estimate and apportionment of the school revenue for the year 1900, whatever difference might exist between the estimate and the actual revenue of the school fund for the year 1899, and that he be ordered to first pay out of the school revenue of 1900 to appellant and the other school districts which had not received their full pro rata for 1899 a sufficient sum to make up their full pro rata of $2.70 per pupil for 1899,

and after such payment should be made to estimate and apportion among all the counties and school districts in the State the residue of the revenue for 1900 pro rata according to the returns of the school census for the year 1900.

It is contended for appellee that the act (section 4375) is unconstitutional in so far as it seems to authorize this to be done, as in violation of the provisions of section 186 of the Constitution, which provides: "Each county in the Commonwealth shall be entitled to its proportion of the school fund on its census of pupil children for each school year and if the pro rata of any school district be not called for after the second school year, it shall be covered into the treasury and be placed to the credit of the school fund for general apportionment the following school year. . . . It is contended that this section restricts the distribution in any one year to the amount actually realized from the revenue of the school fund for that year, and that under it no provision can be made for any difference between the estimate and the amount realized, except in case of a surplus. This section contains no positive restriction upon the legislative power with respect to the common school system. On the contrary, section 183 requires that "the General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the State." Under this authority it is provided (section 4374) that the net revenue of the fund accruing each school year shall constitute the fund to be distributed. Section 4375 provides: "The superintendent of public instruction shall, on or before the fifteenth day of July in each year, ascertain and estimate for the school year the pro rata share to which each pupil child will be entitled, according to the whole number of such children residing in each county and each school dis-

trict respectively, as shown by the returns of the county superintendent. If, at the time of making such estimate and apportionment, the census returns of the superintendent for any county have not been made to him, he shall use the census returns made for the previous year. It shall be the duty of the auditor to furnish the superintendent of public instruction such data as may be needed in making such estimate and apportionment. It shall be the duty of the superintendent of public instruction, as soon as practicable, to file such a copy of said estimate and apportionment with the auditor, and to inform each county superintendent of the amount to which each school district of his county shall be entitled. Whatever difference may exist between the estimated and the actual revenue of the school fund for any school year shall be taken into account of the estimate and apportionment for the succeeding school year. If the pro rata share of any school be not called for after the second school year, it shall be covered into the treasury and be placed to the credit of the school fund for general apportionment the following school year. When any school district in any school year shall have failed to use all or any part of the money due it for such school year, such district shall be entitled to said money for the next school year, provided the term of the common school for that year shall be extended for such proportion of a term as the said accumulated money bears to the said amount due district in the year in which said money is paid. A detailed statement of the surplus amount to which each county is entitled shall be made out by the superintendent of public instruction and filed and preserved in his office. . . ." Section 4376 provides: "For each school year the auditor of public accounts shall, on the successive warrants of the superin-

tendent of public instruction, distribute the amount of the school fund due each county to its county superintendent of common schools, and the amount due each city, town or village, organized as one district to the treasurer of the school board thereof, as follows:  On or before the first of October, two-fifths of the whole amount; on or before the first of November, one-fifth of the whole amount; on or before the first of December, one-fifth of the whole amount, and on or before the first of January, the residue, including the undistributed surplus and interest on the county bond."  As a portion of the school-fund revenue is obtained from fines, forfeitures, and license fees realized by the State, and a portion from taxation, it is obvious that at the time the superintendent is required to make his estimate and give information thereof to the county superintendents the amount to be realized can not be exactly ascertained, but can be estimated only.  The statute contemplates that this estimate may be erroneous, and provides what shall be done in case of such error; not merely for the case of a surplus, but in terms including the case of a deficit.  And while it may well be doubted whether the Legislature had in mind such a deficit as now confronts us occurring in the manner in which this deficit has occurred, it does provide for a difference between the estimate and the amount actually realized.  A construction of section 186, which would forbid legislation providing for a deficit, would, it seems, equally prohibit provision for the disposition of any surplus, except such as might be caused by a school district failing to use its pro rata share. It is urged that a construction which authorizes this deficit to be provided for would equally authorize a still larger one to be created, and thus greatly impair the efficiency of the school system.  But it seems to us that the payment

of the full estimated pro rata to certain districts and of only a small percentage thereof to others would produce results equally unfortunate. The question presented is not free from difficulty, but we have reached the conclusion that the statute (section 4375) authorizes the remedy here sought, and that it is not in conflict with the Constitution. The construction here put upon the statute does not seem to be seriously questioned, the question being as to the constitutionality of the act when so construed. Indeed, abstract justice requires that the districts which have been overpaid should be postponed until the underpaid districts are made equal to them, and that no district which has received a moiety only of the pro rata paid to other districts should be left without remedy, as would be the case were any other conclusion adopted. The judgment is therefore reversed, and cause remanded, with directions to award a mandamus directing the superintendent to draw his warrants for the unpaid balance of the estimated pro rata for 1899 before distributing the revenue of the school fund for 1900.

Judge Paynter dissenting.